**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 8, 2021

Candace Hom, Esq.
Assistant Federal Public Defender
Federal Public Defender, District of New Jersey
1002 Broad Street
Newark, NJ 07102
*Counsel for Defendant*

Emma Spiro, Esq.
Assistant United States Attorney
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **United States v. Gonzalez**
             **Criminal Action No. 12-759 & 20-271 (SDW)**

Counsel:

Before this Court is Defendant Jose Gonzalez's ("Defendant") Motion for Indicative Ruling on Motion for Reconsideration Pursuant to Federal Rule of Criminal Procedure 37 and Local Civil Rule 7.1. (D.E. 14.)[1] This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

This Court writes only for the parties and assumes their familiarity with the factual and procedural history of this matter. On September 28, 2017, Defendant was released from prison and began serving a 36-month term of supervised release. (D.E. 12 at 9.) On August 6, 2020, Defendant appeared before this Court and pleaded guilty to violating the conditions of that release. (*See generally*, *id.*) As a result, this Court revoked the previously-imposed terms of supervised release and sentenced Defendant to eight months imprisonment. (*Id.* at 34-35.) At that time, this

---

[1] For ease of reference, all citations are to Case No. 20-cr-271.

Court considered and rejected Defendant's request for a non-custodial sentence because he suffers from thrombocytopenia, a blood disorder that impairs the body's ability to form blood clots and may cause excessive bruising and prolonged bleeding, which Defendant argued put him at increased risk for complications should he contract COVID-19.  (*Id.* at 16-17, 28, 36-37.) However, because counsel had not submitted Defendant's medical records, this Court indicated that it would consider those records if submitted at a later date.  (*Id.* at 36-37.)

On September 21, 2020, Defendant appealed his sentence.  (D.E. 10.)  On December 8, 2020, Defendant filed the instant motion for reconsideration and all briefs were timely filed.  (D.E. 14, 15, 16.)  In support of his motion, Defendant submitted medical records from the Bureau of Prisons and letters from his treating physician, which he argues show that he is "at greater risk of having a more serious outcome, including death, if he contracts COVID-19 or has a major bleeding episode while incarcerated" and "support a reduced sentence or a non-custodial sentence."  (D.E. 14-1 at 2, Ex. A, B.)

B.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  An exception to that rule, codified in Federal Rule of Criminal Procedure 37, provides that where a "timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Crim. P. 37 (a); *see also U.S. v. Tuitele*, Crim. No. 13-593, 2021 WL 54506, at *2 (D. Haw. Jan. 6, 2021).  Option two allows a court to "consider the motion on its merits (that is, entertain it) and deny it."  *Tuitele*, 2021 WL 54506 at *2; *see also U.S. v. Jackson*, 468 F. Supp. 3d 59, 64-65 (D.D.C. 2020) (applying rule and denying motion for compassionate release).

Here, the Court having considered Defendant's motion on the merits, will deny it.[2] Defendant contends that his newly-submitted medical records show that his thrombocytopenia

---

[2] Defendant moves under Local Civil Rule 7.1 ("Rule 7.1"), which permits a party to move for reconsideration of an order or judgment provided the motion is filed within fourteen (14) days "after the entry of the order or judgment on the original motion" and sets "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked."  L. Civ. R. 7.1(i); *see also Sch. Specialty, Inc. v. Ferrentino,* Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  The Government, however, argues that Defendant should have moved to modify his sentence pursuant to Federal Rule of Criminal Procedure 35(a) ("Rule 35"), not Rule 7.1, and that any such motion would be untimely.  (*See* D.E. 15 (arguing that Defendant's "proposed reconsideration motion is in fact an untimely Rule 35(a) motion").)

Defendant's motion was filed well outside of the fourteen-day timeline set forth in both Rule 7.1 and Rule 35. However, defense counsel has indicated that she requested Defendant's records from the Bureau of Prisons ("BOP") on or about August 13, 2020, but did not receive them until December 3, 2020.  (D.E. 14-1 fn. 6; D.E. 16 at 2 (noting that obtaining the records was an "arduous process").)  Counsel filed the instant motion five days after receiving the records.  As such, this Court is satisfied that defense counsel acted with reasonable diligence in attempting to obtain Defendant's records and will treat Defendant's motion as timely.

makes him more vulnerable to becoming seriously ill should he contract COVID-19.  This Court is sympathetic to Defendant's medical concerns regarding possible complications caused by COVID-19; however, the additional medical records do not support a change to Defendant's sentence.  Defendant's medical condition existed at the time of sentencing and was considered by this Court.  The guidance from the Centers for Disease Control and Prevention ("CDC"), which indicates that people with blood disorders might be at an increased risk of severe illness from COVID-19, *see* CDC, *People with Certain Medical Conditions* (last updated December 23, 2020), *[https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html](https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html)*, but does not identify thrombocytopenia as a specific risk factor, has not changed since Defendant was sentenced.  In addition, Defendant's medical records indicate that prison staff were previously able to monitor his condition, to provide emergent care and medications when necessary, and to give instructions that attempted to minimize the possibility that Defendant would suffer a bleeding episode.  (*See* D.E. 14-1 Ex. A.)  There is nothing in the record to suggest that BOP staff will not be able to continue to provide appropriate care when Defendant returns to confinement. As a result, there is no basis to modify or reconsider Defendant's sentence and Defendant's motion will be denied.

**CONCLUSION**

Defendant's Motion is **DENIED**.  An appropriate order follows.

               ___/s/ Susan D. Wigenton_____
               **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  Parties